UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JFK ENTERPRISES, LLC,

    Plaintiff,

v.                                           CASE NO. 8:14-cv-2486-T-23TGW

OLD REPUBLIC NATIONAL TITLE
LIFE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

    In two agreements, the defendant, a title insurer, insured real property that the plaintiff relied on as collateral for several loans. After the debtor and the guarantors defaulted, the plaintiff "retained counsel to institute a foreclosure action." (Doc. 6 ¶ 10) During the foreclosure action, the plaintiff learned of several "potential title issues," against at least some of which the defendant had insured. (Doc. 6 ¶¶ 10–11) After discovering the title issues, the defendant "engaged the firm of Carlton Fields to represent the Plaintiff." (Doc. 6 ¶ 18) The foreclosure action has continued for two years, and the plaintiff alleges that the defendant "has not been diligent or reasonable." (Doc. 6 ¶ 16) Alleging that the defendant's lack of diligence breaches the title insurance policies, the plaintiff sues (Doc. 6) under two clauses for breach of contract, and the defendant moves (Doc. 12) to dismiss.

## 1. Subject Matter Jurisdiction

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "When prosecuting a suit in federal court, the plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (Parker, J.) (internal quotation marks omitted).

In the amended complaint, the plaintiff, a limited liability company, alleges diversity jurisdiction. The plaintiff's initial complaint failed to properly plead jurisdiction because the complaint failed to allege the citizenship of the plaintiff's members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."). Judge Covington, who first presided over this action,[1] issued an order (Doc. 5) that states:

> [U]pon review of the Complaint, the Court finds that Plaintiff has not sufficiently demonstrated that the proper grounds for diversity jurisdiction exist. Diversity jurisdiction in a case involving a limited liability company is based on the citizenship of all

---

[1] (*See* Doc. 22)

> members of the limited liability company. . . . Because the
> Complaint fails to properly allege the citizenship of each party,
> diversity has not been definitively established. Accordingly, the
> Court directs Plaintiff . . . to file an amended complaint
> demonstrating that proper grounds for diversity jurisdiction exist.
> Failure to satisfy the Court that the requirements for diversity
> jurisdiction exist will result in an Order of dismissal for lack of
> jurisdiction.

Judge Covington's order directs the plaintiff to plead the "citizenship of all members of the limited liability company." The plaintiff failed to comply. The amended complaint states, "Plaintiff's sole member, John C. Fikaris, resides at 1301 Riverside Drive, Tarpon Springs, Pinellas County, Florida." (Doc. 6 ¶ 1) Thus, for a second time, the plaintiff failed to allege the citizenship, rather than the residence, of the sole member of the limited liability company, and the complaint again fails to establish diversity jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").[2]

---

[2] The complaint states, "Jurisdiction of this action is based on Title 28, United States Code, § l332(a), there being diversity of citizenship between the parties." (Doc. 6 ¶ 3) The conclusory allegation is insufficient:

> As prescribed by Federal Rule of Civil Procedure 8(a)(1) and the case law,
> citizenship must be affirmatively and unambiguously alleged in the complaint,
> and the pleader must identify specifically in which state in the United States
> each party has citizenship; this is because the statement in the pleading is
> essential for informing the district court of the basis for its subject matter
> jurisdiction.

Wright & Miller, *Federal Practice and Procedure*, Vol. 13E, § 611 (3d ed. 2014) (footnotes omitted).

**2. Motion to Dismiss**

Two clauses in the title insurance policies — Section 5(b) and Section 9(a) — respectively demand that the defendant litigate "diligently" and "in a reasonably diligent manner." (Doc. 6-1 at 4, 5; Doc. 6-2 at 4, 5) Nonetheless, citing Section 9(b) of the insurance policies, the defendant moves (Doc. 12) to dismiss the action as premature. Section 9(b) states:

> In the event of any litigation, including litigation by the [defendant] or with the [defendant's] consent, the [defendant] shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title or to the lien of the Insured Mortgage, as insured.

(Doc. 6-1 at 5; Doc. 6-1 at 5) The clause defers liability until after the conclusion of the foreclosure action. And because the foreclosure action pends in state court, this action is premature. In response, the plaintiff reports that this action presents "multiple issues with respect to the collateral" but that only one "issue is being addressed in the underlying foreclosure action." (Doc. 20 at 4–5) However, the plaintiff's argument ignores that Section 9(b) applies "[i]n the event of any litigation," not only in the event of litigation that will resolve all issues.

**CONCLUSION**

The defendant's motion (Doc. 12) to dismiss is **GRANTED**. The complaint (Doc. 6) is **DISMISSED**. No later than **FEBRUARY 23, 2015**, the plaintiff may amend the complaint to correct the jurisdictional allegations and to state a claim. If

the plaintiff fails to correctly plead a jurisdictional basis for this action, an order will

dismiss this action without further notice for lack of subject matter jurisdiction.

ORDERED in Tampa, Florida, on February 10, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE